IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR HERNANDEZ, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:13-cv-2164-O-BN |
| | § | |
| U.S. BANK, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. *See* Dkt. No. 5. Pending before the Court are Defendants Bank of America, N.A.'s ("BOA") and U.S. Bank, N.A.'s ("U.S. Bank" and, with BOA, collectively the "Moving Defendants") Motion to Dismiss [Dkt. No. 6] pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiffs Victor Hernandez's, Maria Graciela Hernandez's, and Gabriela Hernandez's Motion For Leave to File Plaintiffs' First Amended Complaint (the "Motion for Leave") [Dkt. No. 19]. For the reasons stated herein, Defendants' Motion to Dismiss should be GRANTED in part and DENIED in part, and Plaintiffs' Motion For Leave should be GRANTED in part and DENIED in part.

**Background**

This is an action involving foreclosure of real property (the "Property") by Plaintiffs, citizens of Texas, against Defendants U.S. Bank, a national banking

association with a principal place of business in Ohio; BOA, a national banking association with a principal place of business in North Carolina; and American Homes 4 Rent Properties Two, LLC ("American Homes"), a foreign limited liability company with a principal place of business in California. *See* Dkt. No. 19-1 at ¶¶ 1-4. Plaintiffs, in both their Original Petition and Proposed First Amended Complaint (the "Proposed FAC") have asserted claims for: (1) violations of the Real Estate Settlement Procedures Act ("RESPA"); (2) violations of the Texas Property Code; (3) breach of contract and waiver; (4) unjust enrichment; (5) negligence; (6) violations fo the Texas Debt Collection Act ("TDCA")[1]; (7) negligent misrepresentation; and (8) common law fraud. Plaintiffs also seek as remedies: (1) a declaratory judgment; (2) an accounting; (3) suit to quiet title; and (4) trespass to title. The Moving Defendants timely removed the case to federal court on the bases of federal question jurisdiction and diversity jurisdiction. *See* Dkt. No. 1.

The Moving Defendants then filed the Motion to Dismiss. *See* Dkt. No. 6. Plaintiffs filed a Response opposing the Motion to Dismiss, *see* Dkt. No. 16, and the Moving Defendants filed a Reply, *see* Dkt. No. 18. Plaintiffs subsequently filed their Motion for Leave, *see* Dkt. No. 19, to which the Moving Defendants filed a Response in opposition, *see* Dkt. No. 21, and Plaintiffs then filed a Reply, *see* Dkt. No. 22.

---

[1] Although Plaintiffs allege violations of the "Texas Debt Collection Practices Act," the statutes cited by Plaintiffs refer to the TDCA.

## Legal Standards

<u>Fed. R. Civ. P. 15(a)(2) Standard</u>

Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the Court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g.*, *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-08700-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2)."). Plaintiffs filed the Motion for Leave prior to the October 1, 2013 deadline set in the Court's July 10, 2013 Order. *See* Dkt. No 15 at ¶ 4.

When the party is not subject to an expired deadline for seeking leave to amend, Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994.

But Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). To determine futility a court must apply the same standard as applies under Rule 12(b)(6). *Id.*

Fed. R. Civ. P. 12(b)(6) Standard

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal quotation marks omitted). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D.

Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.* In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988). However, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

Here, Plaintiffs have attached the Deed of Trust, dated January 27, 2006, to their Complaint. *See* Dkt. No. 1-1, pp. 36-47 of 67. The Moving Defendants attached to their Motion to Dismiss the Adjustable Rate Note, dated January 27, 2006 (the "Note"), between Plaintiffs and Countrywide Home Loans, Inc. *See* Dkt. No. 6-2. The Moving Defendants also attach the Assignment of Note and Deed of Trust, dated

January 29, 2007, which assigned the Note and Deed of Trust from the Mortgage Electronic Registration Systems, Inc. to U.S. Bank (the "Assignment"). *See* Dkt. No. 6-4.

The Court may clearly consider the Deed of Trust, which is part of the pleadings. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. The Court may also consider the Note, as it is referenced in Plaintiffs' Proposed FAC and central to Plaintiffs' claims. *See Collins*, 224 F.3d at 498-99. Finally, the Court may consider the Assignment, which is a matter of public record that can be judicially noticed in considering a Rule 12(b)(6) motion. *See* FED. R. EVID. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Because the documents attached to the Motion to Dismiss are either part of the pleadings, referenced in the pleadings and central to Plaintiffs' claims, or matters of public record on file with the Dallas County Clerk's Office and therefore are subject to judicial notice, there is no need to convert the Motion to Dismiss into a motion for summary judgment.

Although both a Motion for Leave to Amend the Complaint and a Motion to Dismiss the Original Petition are currently pending, because the standards for deciding both are the same in this case, and the allegations in the Original Petition and the Proposed FAC are essentially the same,[2] one analysis will suffice for both pending

---

[2] The Proposed FAC differs from the Original Petition in that the venue and jurisdiction provision were altered to reflect federal jurisdiction and certain arguments present in the Original Petition were deleted. However, none of the differences are material in the respect that none of these changes alter whether a

motions.

**Analysis**

## I.   **Violations of RESPA**

Plaintiffs allege that Defendant BOA violated RESPA – specifically, 12 U.S.C. § 2605(c)(2) – by failing to notify Plaintiffs that BOA had assumed servicing rights within 15 days of the transfer. *See* Dkt. No. 19-1 at ¶ 35. The Moving Defendants assert that Plaintiffs fail to state a claim under RESPA because Plaintiffs make "naked assertions" devoid of "factual enhancement." Dkt. No. 6 at 4. The Moving Defendants also argue that Plaintiffs fail to plead actual damages, as required by Section 2605(f).

The undersigned disagrees with the Moving Defendants' assertion that Plaintiffs failed to provide sufficient factual detail. The facts alleged by Plaintiffs regarding BOA's failure to provide notice "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

But the Moving Defendants are correct that Plaintiffs have failed to plead actual damages. Plaintiffs make no mention of damages in their RESPA allegations. *See* Dkt. No. 19-1 at 11. In their Response opposing Defendants' Motion to Dismiss, Plaintiffs argue that, "[b]ecause Plaintiffs were never provided the notice of transfer, BOA stripped Plaintiffs of their rights to dispute the transfer and denied Plaintiffs of information necessary to understand the servicing procedures concerning their

---

claim should be dismissed. Because the Proposed FAC is the pleading now urged by Plaintiffs, the undersigned examines Plaintiffs' claims made in the Proposed FAC, rather than the Original Petition.

-8-

mortgage or lodge complaints against BOA." Dkt. No. 17 at 13.

As an initial matter, Plaintiffs' assertions – made only in the briefing filed before Plaintiffs' Proposed FAC – are not properly before the Court. Nevertheless, even if the Court were to consider the assertions, these statements do not adequately allege actual damages under RESPA. A servicer who fails to comply with Section 2605 is liable to an individual borrower for "any actual damages to the borrower as a result of the failure," and additional damages "in the case of a pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1). Because Section 2605(f) imposes liability for damages incurred "as a result of" the RESPA violation, "[i]n order to state a claim for a RESPA violation…, a plaintiff must allege actual damages resulting from a violation of § 2605." *Renfrow v. CTX Mortg. Co.*, No. 3:11-cv-3132-L, 2012 WL 3582752, at *7 (N.D. Tex. Aug. 20, 2012); *see also Collier v. Wells Fargo Home Mortg.*, No. 7:04-cv-086-K, 2006 WL 1464170, at *3 (N.D. Tex. May 26, 2006).

The statute does not provide a definition of "actual damages." As a result, the Court must look to the plain meaning of the term. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993); *United States v. Gray*, 96 F.3d 769, 774 (5th Cir. 1996). The term "actual damages" is synonymous with "compensatory damages," which is defined as "such [damages] as will compensate the injured party for the injury sustained, and nothing more; such as will simply make good or replace the loss caused by the wrong or injury…. The rationale behind compensatory damages is to restore the injured party to the position he or she was in prior to the injury." BLACK'S LAW DICTIONARY at 390 (6th ed.1990). Courts in this

-9-

district have construed actual damages under RESPA to include inaccurately imposed late charges associated with an improperly noticed servicer transfer, *see Enis v. Bank of Am., N.A.*, No. 3:12-cv-295-D, 2013 WL 840696, at *2-*3 (N.D. Tex. Mar. 7, 2013), and payment in excess or additional interest, *see Barzelis v. Flagstar Bank, F.S.B.*, No. 4:12-cv-611-Y, 2013 WL 3762893, at *5 (N.D. Tex. Feb. 19, 2013). And Plaintiffs provide a number of examples of actual damages under RESPA in their Response opposing the Motion to Dismiss. *See* Dkt. No. 17 at 12. But none of these damages appear to have been suffered by Plaintiffs.

Moreover, Plaintiffs and BOA have had multiple dealings with each other since 2008, *see* Dkt. No. 17 at ¶ 11, and Plaintiffs have known for years that BOA was the transferee servicer of their loan. At least one court in this Circuit has determined that, in a similar situation, a plaintiff could not state a claim under Section 2605(c). *See Denley v. Vericrest Fin., Inc.*, No. H-12-992, 2012 WL 2368325, *4 (S.D. Tex. June 21, 2012).

Because Plaintiffs, have not, and are unable, to plead actual damages under RESPA, Plaintiffs' RESPA claim should be dismissed with prejudice.

## II.   Violations of the Texas Property Code

Plaintiffs assert violations of Section 51.002(d) of the Texas Property Code based on Defendants' alleged failure to provide Plaintiffs with written notice of default and the right to cure. *See* Dkt. No. 19-1 at ¶ 39-40. The Moving Defendants assert that Defendants provided Plaintiffs with "a Notice of Default and Intent to Accelerate on [sic] various times late in 2006 and again in May 2007," and attach a Notice of Default

with their Motion to Dismiss as Exhibit D. Plaintiffs respond that any notices sent to Plaintiffs in late 2006 and 2007 were in connection with the July 1, 2008 foreclosure of the Property, which foreclosure was later rescinded. *See* Dkt. No. 17 at 14. Plaintiffs state that their claim relates to the foreclosure of the Property that occurred in 2013. The Moving Defendants are silent as to any notice given in advance of the 2013 foreclosure. Therefore, the Moving Defendants have failed to establish that Plaintiffs' claim is deficient as a matter of law, and Plaintiffs' claim under the Texas Property Code should be allowed to proceed.

The undersigned notes that the Moving Defendants also argue that Plaintiffs' claim should be dismissed to the extent that it is based on Defendants' lack of authority to foreclose. *See* Dkt. No. 6 at 4-6. However, in the FAC, Plaintiffs do not appear to make any allegations in support of this claim based on Defendants' lack of authority to foreclose; therefore, these arguments need not be considered.

## III.   <u>Breach of Contract</u>

Plaintiffs allege that Defendants breached the Deed of Trust by failing to provide Plaintiffs with notice of acceleration and a right to reinstate. *See* Dkt. No. 19-1 at ¶¶ 44-46. The Moving Defendants argue that Plaintiffs' claim should be dismissed because Plaintiffs are in default and therefore cannot maintain a suit for breach of contract. *See* Dkt. No. 6 at 6.

However, the contractual terms that Plaintiff alleges were breached are terms that would come into effect if the lender claims a default and pursues acceleration, such as when, for example, the borrower fails to make payments. Put another way, the

allegedly required "notices at issue presuppose that the recipient is in breach of her contractual obligations. Failure to provide the required notice is nonetheless actionable." *Gatling v. CitiMortgage, Inc.*, No. H-11-2879, 2013 WL 1625126, at *6 (S.D. Tex. Apr.15, 2013). That is because "[t]he issue is whether Plaintiff can maintain a cause of action for [Defendants'] breach of its obligations under the [Deed of Trust], even though Plaintiff did not tender full performance. It is illogical for the Court to conclude that Plaintiff cannot enforce [Defendants'] obligations, assumed to be contractual, which arise after Plaintiff's default merely because Plaintiff is in default. If that were appropriate, then the [alleged contractual notice provisions] would become practically meaningless." *Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-cv-1174-M, 2011 WL 248445, at *2 (N.D. Tex. Jan. 26, 2011); *accord Miller v. CitiMortgage, Inc.*, No. 3:11-cv-2786-L, ___ F. Supp. 2d ___, 2013 WL 4766808, at *6 (N.D. Tex. Sept. 5, 2013). As such, Plaintiffs' default does not provide a basis upon which to dismiss this cause of action.

Plaintiffs also argue, in the alternative, that Defendants' conduct constitutes a waiver of the right to accelerate and foreclose. *See* Dkt. No. 19-1 at ¶¶ 47-52. Specifically, Plaintiffs allege that Defendants continuously told them that their loan was being reviewed for a modification, that Plaintiffs should not make payments, and that Plaintiffs should ignore any notices and letters about foreclosure because they would not foreclose upon the Property while Plaintiffs' loan was being reviewed. *See id.* at ¶ 49. The Moving Defendants argue that Plaintiffs' waiver allegations are barred by the statute of frauds. *See* Dkt. No. 6 at 9. Plaintiffs respond – without citation – that

Defendants' promises to foreclose do not constitute a modification to the contract and therefore do not fall under the statute of frauds. *See* Dkt. No. 17 at 16-17.

Under Texas law, a "loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. COM. CODE § 26.02(b). The term "loan agreement" includes any agreement or promise where a financial institution "loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." *Id.* § 26.02(a)(2). A promise to postpone foreclosure and accept payment, such as Plaintiffs have alleged, is subject to the statute of frauds. *See Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 328-29 (5th Cir. 2013); *Miller*, 2013 WL 4766808, at *6; *Berry v. Fed. Nat'l Mortg. Ass'n*, No. 3:11-cv-1288-L, 2013 WL 1294008, at *6-*7 (N.D. Tex. Mar. 29, 2013). And, where, as here, Plaintiffs do not allege that Defendants promised to sign a prepared document that comports with Texas's statute of frauds, this omission is fatal to Plaintiffs' claim and is a proper basis for dismissal on a Rule 12(b)(6) motion. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013).

Plaintiffs' waiver argument is therefore barred by the statute of frauds, and Plaintiffs' waiver claim should be dismissed with prejudice; however, Plaintiffs' breach of contract claim based on failure to give notice should be permitted to proceed.

## IV.  <u>Unjust Enrichment</u>

Plaintiffs allege, "as an alternative to the breach of contract claim," that

Defendants, by engaging in an unlawful course of conduct, "have obtained a benefit from Plaintiffs by fraud, duress, or the taking of an undue advantage." Dkt. No. 19-1 at ¶ 57. The Moving Defendants move to dismiss this claim for a number of reasons. The undersigned recommends that the claim be dismissed, but not for the reasons urged by the Moving Defendants because a much simpler basis to dismiss exists: the unjust enrichment doctrine does not apply to matters governed by contract. "The unjust enrichment doctrine applies the principles of restitution to disputes which for one reason or another are not governed by a contract between the contending parties." *Burlington N.R.R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App. – Texarkana 1996), *aff'd* 466 S.W.2d 467 (Tex. 1998). "When a defendant has been unjustly enriched by the receipt of benefits in a manner not governed by contract, the law implies a contractual obligation upon the defendant to restore the benefits to the plaintiff." *Id.* Because a claim for unjust enrichment is "based on quasi-contract," it is "unavailable when a valid, express contract governing the subject matter of the dispute exists." *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001); *see also Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 785 (Tex. 2000) ("The written contracts in this case foreclose any claims for unjust enrichment."); *Coleman v. Bank of New York Mellon*, No. 3:12-cv-4783-M-BH, 2013 WL 1187158, at *6 (N.D. Tex. Mar. 4, 2013) ("In Texas, there can be no recovery for unjust enrichment under a quasi-contract or contract implied-in-law theory when a valid, express contract covers the subject matter of the parties' dispute." (quotations omitted)), *rec. adopted*, 2013 WL 1189264 (N.D. Tex. Mar. 21, 2013).

In this case, the subject matter of dispute – Plaintiffs' payment of the Note – is expressly governed by contract, and Plaintiffs have not pled, and cannot plead, a claim for unjust enrichment as a matter of law. Accordingly, Plaintiffs' unjust enrichment claim should be dismissed with prejudice.

Although the Moving Defendants did not move to dismiss this claim pursuant to the basis discussed herein, the Court may *sua sponte* dismiss a claim on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of the intention to dismiss and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). The 14-day time frame for filing objections to a recommended dismissal provides Plaintiffs with notice and an opportunity to respond. *See Cabrera ex rel. Lucinda Trust v. LoanCare*, No. 3:12-cv-2054-M, 2013 WL 664687, at *4 n. 6 (N.D. Tex. Jan.22, 2013), *rec. adopted*, 2013 WL 673898 (N.D. Tex. Feb. 25, 2013).

## V.   <u>Negligence and Negligent Misrepresentation</u>

Plaintiffs allege that BOA negligently serviced Plaintiffs' loan and breached its duty to fulfill its obligations of maintenance, accounting, and servicing of the loan in a non-negligent manner. Plaintiffs also allege that Defendants made inaccurate representations to Plaintiffs regarding their mortgage account. The Moving Defendants argue that Plaintiffs' negligence and negligent misrepresentation claims are barred by the economic loss doctrine.

The undersigned agrees. The elements of a negligence claim are: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately

caused by the breach. *See Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008); *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). The elements of a claim for negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *See Scott v. Wells Fargo Bank, NA*, No. 4:11-cv-600, 2013 WL 5450600, at *8 (E.D. Tex. Sept. 30, 2013). The misrepresentation "must be one of existing fact, not a promise of future conduct." *Alexander v. Grand Prairie Ford, L.P.*, No. 3:02-cv-1561-K, 2007 WL 1576260, at *6 (N.D. Tex. May 31, 2007); *accord Nunn, Yoest, Principals & Assocs., Inc. v. Union Pac. Corp.*, 69 F. App'x 658, 2003 WL 21356004, at *2 (5th Cir. May 23, 2003); *New York Life Ins. Co. v. Miller*, 114 S.W.3d 114, 125 (Tex. App. – Austin 2003, no pet.). A promise to do or refrain from doing an act in the future is not actionable because it does not contain an existing fact. *See Alexander*, 2007 WL 1576260, at *6.

Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). Thus, tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Tort damages are recoverable, however,

-16-

if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id.* In *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986), a negligent supervision case, the Texas Supreme Court explained: "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Id.* at 618; *see also DeLanney*, 809 S.W.2d at 494 ("When the only loss or damage is to the subject of the contract, the plaintiff's action is ordinarily on the contract.").

"In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.*, No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998)); *DeLanney*, 809 S.W.2d at 494-95). The Texas Supreme Court, however, has declined to extend the economic loss doctrine to a fraudulent inducement claim. *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 417 (Tex. 2011); *Formosa Plastics Corp.*, 960 S.W.2d at 46 (concluding that a party may recover tort damages for a fraudulent inducement claim "irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss related to the subject matter of the contract.").

The undersigned concludes that Plaintiffs' negligence and negligent

misrepresentation claims, based on the foregoing theories, are barred by the economic loss doctrine. Plaintiffs do not allege any facts to support the existence of a special relationship with BOA. Moreover, even assuming, as Plaintiffs allege, that BOA failed to maintain, account, and service Plaintiffs' loan in a non-negligent manner and/or negligently misrepresented to Plaintiffs the status of their loan, Plaintiffs' claims fail because they have failed to allege an injury independent from the subject matter of the contract. *See Scott*, 2013 WL 5450600, at *9 (dismissing negligent misrepresentation claim under economic loss doctrine); *see also Williams v. Fed. Nat'l Mortg. Ass'n*, No. 2:11-cv-157-J, 2012 WL 443986, at *4 (N.D. Tex. Feb.13, 2012) (concluding that the plaintiffs' negligence claims, based on allegations that the defendants negligently performed their side of the agreement, negligently misrepresented the terms of the loan modification, and misrepresented to the plaintiffs that they would not foreclose on the property, arose out of alleged breaches of the loan modification or the defendants' negligence in their performance of the loan agreement, but, under Texas law, "the failure to perform the terms of a contract is a breach of contract, not a tort." (quoting *Jim Walter Homes, Inc.*, 711 S.W.2d at 618)).

Plaintiffs allege emotional distress and mental anguish damages for their negligence claim, but, in the absence of any pleaded special relationship with BOA or other extraordinary circumstances, Plaintiffs have not pleaded a plausible basis to recover emotional distress or mental anguish damages. *See Choe v. Bank of Am., N.A.*, No. 3:13-cv-120-D, 2013 WL 3196571, at *7 (N.D. Tex. June 25, 2013); *accord Wiley v. U.S. Bank, N.A.*, No. 3:11-cv-1241-B, 2012 WL 1945614, at *12 (N.D. Tex. May 30,

-18-

2012) ("Similarly, Texas law does not recognize negligent infliction of emotional distress as a viable cause of action."). As for negligent misrepresentation, Plaintiffs allege that they sustain damages, including but not limited to court costs and exemplary damages, but these alleged damages will not avoid the economic loss doctrine bar, particularly where Plaintiffs have not even pleaded any basis, such as malice or gross negligence, for recovering exemplary damages under Texas law. *See Miller*, 2013 WL 4766808, at *12-*13. And Plaintiffs are seeking by both of these tort claims recovery of economic or actual damages that are recoverable under a breach of contract claim. *See New Century Fin., Inc. v. Olympic Credit Fund, Inc.*, 487 F. App'x 912, 915–16 (5th Cir. 2012).

Accordingly, Plaintiffs' negligence and negligent misrepresentation claims are barred by the economic loss doctrine, and Defendants are entitled to dismissal of these claims.

## VI.   <u>Violations of the TDCA</u>

Plaintiffs claim that Defendants violated the TDCA by: (1) using false representations or deceptive means to collect a debt under Texas Finance Code § 392.304(a)(19); (2) misrepresenting the character, extent, or amount of a consumer debt under Texas Finance Code § 392.304(a)(8); (3) attempting to collect charges incidental to the obligation under Texas Finance Code § 392.303(a)(2); and (4) foreclosing when the law prohibits it in violation of Texas Finance Code § 392.301(a)(8).

The Moving Defendants assert that Plaintiffs' TDCA claims should be dismissed because Plaintiffs' fail to state a claim for relief and because Plaintiffs' claims are

barred by the economic loss doctrine and the statute of frauds. In support of their TDCA claim, Plaintiffs allege that Defendants: (1) "deceptively informed Plaintiffs to stop making payments while their loan was being reviewed"; (2) "misrepresented the character and extent of Plaintiffs' mortgage loan[] and wrongfully foreclosed on the Property;" and (3) collected unauthorized incidental charges.

Given the liberal pleading standards, Plaintiffs' allegations are sufficient to state a claim for relief under the TDCA. However, Plaintiffs' allegations all arise from conduct governed by the Note and Deed of Trust and are therefore barred under the economic loss doctrine. Courts have applied the economic loss doctrine to TDCA claims premised on alleged misrepresentations where the actions taken by the lender were wrongful only because they violated the agreement between the borrower and lender. *See McCartney v. CitiFinancial Auto Credit, Inc.*, No. 4:10-cv-424, 2010 WL 5834802, at *5 (E.D. Tex. Dec.14, 2010), *rec. adopted*, 2011 WL 675386 (E.D. Tex. Feb.16, 2011) (explaining that the plaintiff's allegations of misrepresentation by attempting to collect a debt in violation of the agreement against CitiFinancial stated a breach of contract but not a TDCA claim); *Hicks v. Chase Home Fin. LLC*, No. 3:09-cv-1652-G, 2010 WL 4274745, at *7 (N.D. Tex. Oct. 21, 2010) (judgment vacated following entry of agreed final judgment) (dismissing on summary judgment the plaintiff's claims against Chase under the TDCA for alleged misrepresentations of the amount of the debt and attempts to collect fees not authorized by the modification agreement because they sounded in contract); *Singh v. JPMorgan Chase Bank, N.A.*, No. 4:11-cv-607, 2012 WL 3904827, at *7 (E.D. Tex. July 31, 2012), *rec. adopted*, 2012 WL 3891060 (E.D. Tex. Sep.7, 2012)

(holding that because the Deed of Trust governed the conduct the plaintiff alleged violated the TDCA, the plaintiff could not recover under a tort theory).

In addition, Plaintiffs' claim that Defendants deceptively informed Plaintiffs to stop making payments while their loan was being reviewed is also barred by the statute of frauds. *See Kruse v. Bank of New York Mellon*, 936 F. Supp. 2d 790, 793-94 (N.D. Tex. 2013) (dismissing TDCA claim based on allegations that defendants orally misrepresented that they would postpone foreclose as barred by the statute of frauds); *cf. Miller*, 726 F.3d at 726.

Based on the economic loss doctrine and the statute of frauds, the undersigned recommends that Plaintiffs' TDCA claims be dismissed with prejudice.

## VIII.  Common Law Fraud

Plaintiffs allege that Defendants falsely represented to Plaintiffs that: (1) their home was no longer in foreclosure because Plaintiffs paid the reinstatement amount; (2) Plaintiffs' home could not be foreclosed upon during the review process; and (3) Plaintiffs should disregard letters regarding a foreclosure sale because there was no sale date on the property.

"To state a claim of fraud by misrepresentation under Texas law, a plaintiff must sufficiently allege (1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). In addition, fraud claims must comply with the particularity requirements of Fed. R. Civ.

P. 9(b). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (internal quotation marks omitted). The plaintiff "must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Secs. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (internal quotation marks omitted). "Although Rule 9(b) expressly allows scienter to be 'averred generally', simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994). "The plaintiffs must set forth specific facts supporting an inference of fraud." *Id.*

The Moving Defendants' only argument for dismissal is that Plaintiffs have not met Rule 9(b)'s pleading requirements for fraud. Specifically, the Moving Defendants assert that Plaintiffs "fail to specify the time or location of the alleged fraudulent statements." Dkt. No. 6 at 19. However, the Moving Defendants overlook paragraphs 10 through 32 of Plaintiffs' Proposed FAC, which document in fairly thorough detail Plaintiffs' interactions with Defendants, including dates, names, and general locations. *See* Dkt. No. 19-1 at ¶¶ 10-32. In their Response, Plaintiffs highlight the representations they assert are fraudulent. *See* Dkt. No. 17 at 24-25. The levels of specificity differ within Plaintiffs' allegations – for some statements, Plaintiffs use the

precise date, for others, only the month and year, and Plaintiffs cite employees by first and last name, first name only, department, or simply list them as a "BOA representative." But the allegations as a whole are sufficient to place Defendants on notice of the nature and grounds of Plaintiffs' fraud claim. *See Fankhauser v. Fannie Mae*, No. 4:10-cv-274, 2011 WL 1630193, at *6 (E.D. Tex. Mar. 30, 2011). Therefore, the Proposed FAC satisfies Rule 9(b)'s requirements. Accordingly, the Motion to Dismiss based on Plaintiff's fraud claims should be denied.

## IX.   <u>Suit to Quiet Title and Trespass to Try Title</u>

In a suit to quiet title, a plaintiff must establish "a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, pet. denied). In Texas, the elements of the cause of action to quiet title are: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-cv-3014-D, 2012 WL 2399369, at *7 (N.D. Tex. June 26, 2012). The plaintiff has the burden ultimately of establishing his "superior equity and right to relief," *Hahn*, 321 S.W.3d at 531, and must rely on the strength of his or her own title, not the weaknesses of the defendant's title, *see Rivera v. Citimortgage, Inc.*, No. 3:12-cv-3404-D, 2013 WL 1294009, at *2 (N.D. Tex. Apr.1, 2013).

"To prevail in a trespass-to-try title action, Plaintiff must usually (1) prove a

regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Scott v. Wells Fargo Bank, N.A.*, No. 4:11-cv-600, 2013 WL 5450600, at *9 (E. D. Tex. Sept. 30, 2013) (citing *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)). "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.*

Plaintiffs do not allege facts that, if proved, would establish their superior title, nor do they allege that they are current on their mortgage payments. Indeed, Plaintiffs make no factual allegations at all in connection with either of these claims. Therefore, Plaintiffs' quiet title claim and trespass to try title claim fail as a matter of law. *See Wilson v. Bank of New York Mellon*, No. 3:12-cv-4636-M, 2013 WL 5273328, at *11 (N. D. Tex. Sept. 18, 2013) (dismissing quiet title claim for lack of sufficient factual allegations); *Rabe v. Wells Fargo Bank, N.A.*, No. 4:11-cv-787, 2013 WL 5458068, at *13 (E. D. Tex. Sept. 30, 2013) (dismissing trespass to try title claim where plaintiff failed to meet pleading requirements). Because the undersigned concludes that Plaintiffs' claims are not legally viable and no amount of artful or creative pleading of facts will permit Plaintiffs to state a claim upon which relief can be granted, the undersigned recommends that Plaintiffs' quiet title claim and trespass to try title claim should be dismissed with prejudice.

## X.   <u>Declaratory Judgment and Accounting</u>

Plaintiffs seek as remedies a declaratory judgment and an accounting. The

Moving Defendants move to dismiss Plaintiffs' request for declaratory judgment because Plaintiffs have unclean hands. In addition, the Moving Defendants move to dismiss Plaintiffs' request for a declaratory judgment and for an accounting because they are not independent claims and cannot stand where all of Plaintiffs' causes of action are dismissed. *See* Dkt. No. 6 at 20-21. At this stage, the undersigned recommends that several of Plaintiffs' causes of action be permitted to move forward; therefore, Plaintiffs' requested remedies should not be dismissed at this time. In addition, the Moving Defendants' cursory argument that Plaintiffs have unclean hands because they are in default does not provide a sufficient basis upon which to dismiss Plaintiffs' request for a declaratory judgment at this time.

## XI.   <u>The Non-Moving Defendants</u>

The Fifth Circuit has recognized that, when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). In this case, the Moving Defendants have demonstrated that Plaintiffs have failed to allege a factual basis for certain of their causes of action. Defendant American Homes is a similarly situated defendant, and the dismissal of certain of Plaintiffs' causes of action applies equally to the causes of action against non-moving, similarly situated Defendant American Homes as well as to the Moving Defendants.

## Recommendation

The Motion to Dismiss [Dkt. No. 6] should be granted with respect to Plaintiffs' claims regarding: (1) violations of RESPA; (2) breach of contract based on Defendants'

alleged waiver; (3) unjust enrichment; (4) negligence; (5) negligent misrepresentation;(6) violations of the TDCA; (7) suit to quiet title; and (8) trespass to try title, and these claims should be dismissed with prejudice. As to these claims, Plaintiffs' Motion For Leave [Dkt. No. 19] should be denied.

The Motion to Dismiss [Dkt. No. 6] should be denied with respect to Plaintiffs' claims regarding: (1) violations of the Texas Property Code; (2) breach of contract based on Defendants' failure to give notice; and (3) fraud. The Motion to Dismiss [Dkt. No. 6] should also be denied with respect to Plaintiffs' requested remedies of (1) declaratory judgment; and (2) an accounting. Plaintiffs' Motion For Leave [Dkt. No. 19] should be granted in part to permit these claims and remedies to proceed and to grant leave for Plaintiff to file an amended complaint that includes only these claims and remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Assen*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 4, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE